# Hill *v.* The State.

## *Murder.*

(Decided June 3, 1908.   46 South. 864.)

1. *Evidence; Self Serving Declarations; Homicide.*—A defendant may not show self serving declarations made by him after the commission of the offense, and hence,· the court properly excluded a question to the sheriff as to what, if anything, the defendant said, in the house when he visited him.

2. *Witnesses; Examination; Repetition.*—It is not error to permit a witness to be asked what it was that defendant said, although on redirect examination such witness had stated what defendant had said in the nature of a confession about the killing, although it was repetitious.

3. *Homicide; Evidence; Admissibility.*—Where the evidence tended to show that the defendant, in answer to a knock at the door, opened the door, and, receiving no answer to his question of who is there, shot the person, the defendant may not testify that there had been considerable complaint of housebreaking or burglary in the neighborhood about the time of and just before the shooting; it not being shown that such rumor had any effect in producing the crime or that the shooting was done while deceased was engaged in an unlawful act.

4. *Witnesses; Examination; Leading Questions.*—A question, "Were you and Berry Mitchell on friendly terms?" is objectionable as leading.

5. *Homicide; Motive; Evidence.*—The evidence tending to show that the shooting occurred after a knock on the door and the opening of the door by defendant, and his failure to get any response to his inquiry, it was competent to ask him on the cross what he had the gun for, as his motive under the circumstances was material.

6. *Trial; Evidence; Erroneous Admission; Cure.*—Where evidence is erroneously admitted, the error is cured by subsequently excluding the evidence.

7. *Same; Argument of Counsel.*—In the absence of evidence showing an attempt at flight by the defendant, it was error to permit the prosecuting attorney to say in his argument to the jury that defendant was guarded in his house by the neighbors after the shooting until the sheriff could arrive.

8. *Homicide; Instructions; Sufficiency.*—A charge asserting that defendant's house was his castle and stating his right to defend it against attack, etc., but which does not state the defendant's belief in the facts hypothesized therein, is properly refused.

9. *Charge of Court; Confusing Instructions.*—A charge asserting that if the evidenec is evenly balanced the jury should lean to the side of mercy and decide in favor of the defendant, is properly refused as confusing.

10. *Same; Argumentative Instructions.*—A charge asserting that if a reasonable doubt exists or grows out of the evidence or any conflicting statement made by the witnesses, if any in fact, is made, which cannot be reconciled so as to make all the witnesses speak the truth under all the facts proven in the case, the jury must acquit the defendant, is not only argumentatve but misleading.

11. *Same.*—A charge asserting that the jury might take into consideration the fact, if it be a fact, in determining whether or not the defendant intended to have escaped, that the defendant could have escaped before the crowd congregated at his house, is properly refused as misleading.

12. *Same.*—A charge asserting that the jury might take into consideration the fact, if it be a fact, that the defendant could have escaped before the crowd congregated at defendant's house, in determining from all the evidence whether or not defendant intended to escape, is argumentative and its refusal proper.

13. *Same.*—A charge asserting that if the jury believe from all the evidence that defendant was excited or scared, they might look to that evidence, together with all the other evidence in the case, in determining whether or not the shooting was excusable or justifiable, is properly refused as argumentative.

14. *Same.*—A charge asserting that the state had offered no evidence showing that defendant's house was guarded so as to prevent his flight, and that the argument of counsel to that effect was improper and must not be considered, was properly refused as argumentative.

[Hill v. The State.]

15. *Same.*—A charge asserting that there was no evidence that the defendant was convicted for cutting up a man some eighteen or twenty years ago, and any statement of counsel to that effect was unwarranted by the evidence and should not be considered in determining whether or not the defendant is guilty, is properly refused as argumentative.

16. *Homicide; Self-Defense; Confusing Instructions.*—An instruction asserting that by overt acts is meant any action or demonstration of deceased that was sufficient to create in the mind of a reasonable man under the same circumstances, or like circumstances, that the defendant was actually in danger of real or apparent danger either to life or limb, or great bodily harm, and it is the same in law even if no real danger in fact existed, is involved and confusing, and its refusal proper.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Will Hill was convicted of manslaughter, and appeals. Reversed and remanded.

The facts are sufficiently stated in the opinion of the court, as are the exceptions to the evidence. In his argument to the jury the solicitor said that defendant was guarded in his house by his neighbors after the shooting of deceased until the sheriff could arrive. Objection was interposed by defendant, which was overruled by the court. The following charges were also refused by the court to the defendant.

"(10) I charge you, gentlemen of the jury, that a man's house is his castle, and he has the right to defend it or himself when in his house from an attack made or threatened by overt act, provided he is free from fault and the surrounding circumstances are such as to impress a reasonable man of the real or apparent danger of great bodily harm. He need not retreat, but may stand his ground and defend himself from said real or apparent danger to life or great bodily harm, even to the taking of the life of his assailant."

"(13) I charge you, gentlemen of the jury, if the evidence is evenly balanced, you should lean to the side of mercy, and decide in favor of the defendant."

"(16) If a reasonable doubt as to defendant's guilt exists, or grows out of the evidence, or out of any conflicting statement made by the witnesses, if any in fact were made, which cannot be reconciled by you so as to make all the witnesses speak the truth under all the facts proven in this case, you must find the defendant not guilty.

"(17) Gentlemen of the jury, I charge that the state has offered no evidence showing that defendant's house was guarded so as to prevent his flight, and the argument of the said counsel to that effect was improper, and must not be considered by you."

Charge 18 is practically the same as 17.

"(19) I charge you, gentlemen of the jury, that you may take into consideration the fact, if it be a fact, in determining whether or not the defendant intended to have escaped, that the defendant could have escaped before the crowd congregated at his house.

"(20) I charge you, gentlemen of the jury, that you may take into consideration the fact, if it be a fact, that the defendant could have escaped before the crowd congregated at defendant'shouse, in determining from all the evidence whether or not the defendant intended to escape.

"(21) Gentlemen of the jury, there is no evidence before you that the defendant was convicted for cutting up a man some 18 or 20 years ago, and any statement of state's counsel to that effect was unwarranted by the evidence, and should not be considered by you in determining whether or not the defendant is guilty in this case.

"(22) Gentlemen of the jury, I further charge you that the law is, if you believe from all the evidence that the defendant was excited or scared, you may look to

[Hill v. The State.]

that evidence, together with all the other evidence in the case, in determining whether or not the shooting was excusable or justifiable.

"(23) By overt acts is meant any action or demonstration of deceased that was sufficient to create in the mind of a reasonable man under the same circumstances, or like circumstances, that the defendant was actually in danger of either real or apparent danger to either life or limb or great bodily harm, and it is the same in law even if no real danger in fact existed."

Application was made for a new trial, and overruled.

No counsel marked for the appellant.

ALEXANDER M. GARBER, Attorney-General, for the State. Defendant cannot testify to self serving declarations.—*Roberts v. The State*, 68 Ala. 515. What was expected is not shown.—*Ross v. The State*, 139 Ala. 144. The repetition was permissible for the sake of clearness, and was in the nature of a confession.—*Christian v. The State*, 133 Ala. 109. It is not shown that the rumors as to housebreaking or burglary had any effect in producing the crime, or that Mitchell was engaged in any unlawful act.—*Walker v. The State*, 139 Ala. 56. The question as to the gun was material as to the defendant's motive or intention.—*Williams The State*, 123 Ala. 39. The objectionable evidence was subsequently ruled out.—*Wells v. State*, 131 Ala. 48. The court properly refused the charges requested.—*Mitchell v. The State*, 133 Ala. 65; *White v. The State*, 133 Ala. 122; *Harrison v. The State*, 144 Ala. 20; *Liner v. The State*, 124 Ala. 1; *Austin v. The State*, 145 Ala. 37; *Matthews v. The State*, 136 Ala. 47; *Burrage v. The State*, 113 Ala. 108.

[Hill v. The State.]

HARALSON, J.—The indictment against defendant was for manslaughter in the first degree, for the killing of the Mitchell; and he was accordingly convicted and sentenced.

The salient facts of the shooting, as given by Charlie Hill, who was present, and by defendant, himself, were; that some one beat upon the door of his house, and defendant said, "What is that?" two or three times, and no one answered; that defendant got his gun, opened the door and asked "who it was," and no one answering, he shot deceased.

The defense was sought to be rested on the grounds, that defendant had a right to defend his house against unlawful invasion; that burglaries were being committed in the neighborhood, and being scared, he shot to protect himself against a supposed burglar. The sheriff, Wiggins, it appears, went to the house after the killing.

On the examination of C. Cook by the state, the defendant asked him "what, if anything, the defendant said in the house." The court sustained an objection interposed by the state to the question. The proposed evidence was not a part of the res gestae of the offense. It appears to call for a selfserving declaration of the defendant, made after the killing, and was properly disallowed.—*Roberts v. State*, 68 Ala. 515. Moreover, the proposed answer was not shown, and the court could not, therefore, pass intelligently on the question.—*Ross v. State*, 139 Ala. 144, 36 South. 718.

On redirect examination of this witness, who had stated what the defendant had said, in the nature of a confession, about the killing, the solicitor asked, "What was it the defendant said?"

There was no error here. It called for a repetition of the evidence as given by the witness, admitted properly without objection, and was in the interest of greater certainty, as to what defendant had said.

The witness, Wiggins, examined by defendant, was asked by him, "If there had not been considerable complaint of housebreaking or burglarizing about the time and just before the shooting of deceased, in the neighborhood in which the defendant lived?" The state's objection was properly sustained by the court. It was not shown that such rumor had any effect in producing this crime, nor was it committed while deceased was engaged in any unlawful act.—*Walker v. State,* 139 Ala. 57, 66, 35 South. 1011.

The court cannot be put in error for sustaining the objection to the question asked the defendant, "Were you and Berry Mitchell on friendly terms?" as it is of a leading character.

On cross-examination of defendant, examined as a witness for himself, he was asked, "What did you have the gun for?" It was legitimate to make this inquiry on the cross. His motive was, under the facts, proper to be inquired of, from him.—*Williams v. State,* 123 Ala. 39, 26 South. 521.

The defendant was asked on the cross, "You were sent to the coal mine for cutting a man up, were you not?" An objection to the question was overruled. If there was error in this ruling it was error without injury, as the court subsequently ruled out the evidence given in answer to the question.

There was error in the refusal of the court to exclude the argument of the solicitor from the jury. It involved the statement of a fact of which there was no evidence; and in the absence of evidence of attempted flight on the part of the defendant, such evidence, if it had been offered, would not have been competent.

Charge 10, requested by defendant, was properly refused, if for no other reason, because it failed to state defendant's belief in the facts hypothesized.—*Harrison*

*v. State,* 144 Ala. 21, 40 South. 568; *Mitchell v. State,* 133 Ala. 66, 32 South. 132.

Charge 13 was properly refused.—*Hughes v. State,* 117 Ala. 26, 23 South. 677; *Pate v. State,* 94 Ala. 14, 10 South. 665.

Charge 16 is argumentative and misleading, and was properly refused.—*Liner v. State,* 124 Ala. 2, 27 South. 438.

Charges 17, 18, and 21 were properly refused.

Charges 19, 20, and 22 were mere arguments, and were properly refused.— *Austin v. State,* 145 Ala. 40, 40 South. 989.

Charge 23 was properly refused.   It is involved and confusing.

Reversed and remanded.

TYSON C. J., and SIMPSON and DENSON, JJ., concur.