# Bettis *v*. The State.

## *Murder.*

(Decided May 13, 1909. 49 South. 781.)

1. *Evidence; Confessions; Voluntary.*—The fact that there was a crowd around the guardhouse or the jail when the witness aproached, some of whom were talking, did not tend to controvert the statement of the witness that there were no circumstances present which would render the statement of the defendant not voluntary, and such witness was properly permitted to testify as to the statements made by the defendant.

2. *Same; Conclusion.*—A question as to whether or not the deceased attempted to carry an alleged threat into execution, called for a conclusion, and was properly excluded.

3. *Witnesses; Examination; Cross Examination of Accuseu.*—Where a defendant takes the stand as a witness he is subject to cross examination just as other witnesses.

4. *Same; Impeachment; Contradictory Statements.*—Where accused as witness denied making certain statements, contradictory statements made by accused as to the killing were properly admitted, the proper predicate having been laid.

APPEAL from Clarke Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Mattie Bettis was convicted of murder in the second degree, and she appeals. Affirmed.

The defendant is charged with killing her husband, Milton Bettis. The witness Trawick testified that when at the scene of the killing, without offering defendant

any reward, or holding out any inducement, or making any promises of any kind to her she stated to him that some one came up from behind and shot, and the deceased fell, and defendant got scared and ran off. He further testified that under the same circumstances, but after defendant had been placed in the calaboose, defendant said to him that she killed deceased with a pistol that was there. Witness further stated that when he walked up to the calaboose there was a crowd around there, and that some were talking; that he was not aware of what was being said, or what had been said; but at the time she made this statement nothing was said. Practically the same state of facts and circumstances surround the evidence of the witness Bettis, and his evidence was in all respects similar to that of Trawick.

H. G. DAVIS, and WILSON & ALRIDGE, for appellant. It must affirmatively appear that confessions are voluntary as they are prima facie involuntary.—*Campbell v. The State*, 72 Ala. 244; *Beckham v. The State*, 100 Ala. 15. The court improperly limited the evidence to the purpose of contradicting the defendant as the contradiction was to immaterial matters.—*Cauley v. The State*, 92 Ala. 71; *Maxwell v. The State*, 89 Ala. 150.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, for the State. Trawick's statement was properly admitted.—*Plant v. The State*, 140 Ala. 52; *Matthews v. The State*, 136 Ala. 47; *Talbert v. The State*, 140 Ala. 96. Under the facts in this case, it would not have been error to have allowed the confessions to remain in evidence as such.—*Wilson v. The State*, 110 Ala. 1. The question put to the defendant called for the witness' opinion.—*Hill v. The State*, 137 Ala. 66. A defendant may be

contradicted by showing contradictory statements.— *Walker v. The State,* 49 Ala. 398. The affirmative charge was properly refused.—*Turner v. The State,* 97 Ala. 57.

SIMPSON, J.—The appellant was convicted of the crime of murder in the second degree. It affirmatively appears that the statement made by the defendant, while in the calaboose, to the witness Trawick, was voluntary; and it was properly admitted. The fact that there was a crowd around the calaboose, talking when witness approached, does not tend to controvert the statement of the witness as to the absence of circumstances which would render the statement not voluntary. The same is true with regard to the statements made to Steve Bettis, which were not really confessions, but exculpatory statements, which were properly admitted, for the purpose of showing the different statements made by the defendant in regard to the killing.

There was no error in overruling the objection, by counsel for the defendant, to the question propounded to the defendant, on cross-examination, as to statements made by her to Trawick. When the defendant takes the stand as a witness, she is subject to cross-examination, as any other witness.—1 Mayfield's Dig. p. 335; *Smith v. State,* 137 Ala. 23, 28, 34 South. 396. There was no error in sustaining the objection to the question to the defendant, as a witness, as to whether the deceased attempted to carry his threat into execution, as it called for an opinion or conclusion of the witness.—*Hill v. State,* 137 Ala. 66-71, 34 South. 406.

There was no error in overruling the objection to the testimony of the witness Bettis as to the contradictory statements made by the defendant in regard to the killing. A proper predicate had been laid, and the defend-

ant had denied making the statements. The testimony was material, and its effect was properly limited by the court.

There was no error in the refusal to give the general affirmative charge requested by the defendant.

The judgment of the court is affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.