# Wilson *v.* The State.

## *Violating Prohibition Law.*

(Decided Jan. 18, 1912.   57 South. 503.)

1. *Intoxicating Liquors; Illegal Sale; Beer.*—The term "beer" is presumed to refer to a malt liquor; and hence, a charge of illegally selling malt liquor is supported by evidence of the sale of beer although the specific kind of beer is not shown.

2. *Same; Instruction.*—Where the prosecution was for selling beer in violation of the prohibition law, a charge asserting that unless the jury were satisfied from the evidence beyond a reasonable doubt that the defendant and another intended a sale of the beer testified to, then they must acquit, was properly refused, where there was some evidence of a gift of the beer by the defendant.

3. *Charge of Court; Argumentative Instruction.*—A charge as to the presumption of innocence which included the statement that this presumption was not a mere idle figure of speech, was rendered argumentative, and its refusal proper.

4. *Same; Misleading.*—A charge asserting that if after considering the entire evidence the jury cannot say whether to acquit or convict the defendant, they must find him not guilty, was misleading.

5. *Costs; Hard Labor; Rate.*—Sentence for hard labor for the payment of fine and costs, should be at the rate of 75 cents per day.

APPEAL from St. Clair Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

A. A. Wilson was convicted of violating the prohibition law, and he appeals.   Corrected and affirmed.

The following charges were refused to the defendant: (B) "The court charges the jury that the law presumes every man innocent until his guilt is shown, and the minds of the jury are satisfied from the evidence to a moral certainty.   And this presumption of innocence is not an idle figure of speech,   *   *   *   but follows the defendant at all stages of the trial, until the guilt of the defendant is shown to the satisfaction of the jury."   (S)   "The court charges the jury that if, after considering the entire evidence, they cannot say whether to convict or acquit the defendant, then they must find

[Wilson v. The State.]

the defendant not guilty." (I) "The court charges the jury that, unless they are satisfied from the evidence beyond all reasonable doubt that Wilson and Cowan intended a sale of the beer testified to, then they must acquit the defendant." (C) "The court charges the jury that there is no evidence in this case as to what kind of beer the state witness got or bought from the defendant, and that the jury have no right to presume or guess that the bottle of beer which the state witness may have got from the defendant was malt liquor.

M. M. & VICTOR SMITH, for appellant. The evidence did not support the charge.—*Watson v. The State,* 55 Ala. 158; *Duval v. Augusta,* 15 Ga. 813. The court erred in refusing charge B.—*Nealson v. The State,* 146 Ala. 683. Counsel discuss other charges, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Motion to quash the venire was properly denied.—*Griffin v. The State,* 165 Ala. 29. The jury was drawn from the proper box.—*Shell v. The State,* 56 South. 39. Charge B was an argument. Charge S was properly refused.—*Hill v. The State,* 156 Ala. 3; *Gibson v. The State,* 91 Ala. 64.

WALKER, P. J.—A charge that the defendant "did sell, offer for sale, keep for sale or otherwise dispose of spirituous, vinous or male liquors, contrary to law," is supported by evidence of a sale by the defendant of a bottle of beer, though the evidence does not specifically disclose what kind of beer it was. In the case of *Watson v. State,* 55 Ala. 158, it was decided that the court would take judicial notice of the fact that "lager beer" is a malt liquor; it being said in the opinion:

"Courts cannot profess ignorance of the meaning of words of popular use, and about the significance of which no intelligent member of the community would hesitate." In common usage, when the general term 'beer' is used by a person in calling for a beverage, a malt liquor is understood as being referred to, and, when any other kind of beer is meant, some prefix or qualifying term is added to indicate the kind referred to. The weight of authority is to the effect that, when a witness testified to the sale or giving away of beer under circumstances which makes such disposition of a prohibited liquor unlawful, the prima facie inference is that the thing referred to was a malt liquor, and the court may properly take judicial notice of the inference thus arising from the use of the word "beer" in its primary and general sense.—*Myers v. State,* 93 Ind. 251; *United States v. Decournau* (C. C.) Fed. 138; Joyce on Intoxicating Liquors, § 34; Black on Intoxicating Liquors, § 17. It follows that the court was not in error in refusing to give charge C, or the general affirmative charge in his favor, requested by the defendant.

Charge B, refused to the defendant, was in part argumentative, and its refusal was not error.

Refused charge S was not free from a misleading tendency, which justified its refusal.—*Kirby v. State,* 151 Ala. 66, 44 South. 38; *Hill v. State,* 156 Ala. 3, 46 South. 864.

Charge I was properly refused, as there was some tendency in the evidence to prove a gift of the beer by the defendant.

The defendant should have been sentenced for the costs at the rate of 75 cents a day, instead of at the rate of 40 cents a day. In that respect the judgment will be corrected here; and, as corrected, it is affirmed.

Corrected and affirmed.