# Randall *v.* The State.

## Manslaughter.

(Decided June 8, 1916. 72 South. 214.)

1. **Appeal and Error; Review; Presentation Below.**—Where the question asked contained nothing to indicate that the answer would be objectionable or inadmissible as hearsay, the state, by not objecting to the question, was not precluded from moving to exclude the merely hearsay answer that the weight inquired about was turned over to witness by some one who said he had picked it up there.

[Randall v. The State.]

2. **Witnesses; Examination; Leading Question.**—Questions to a defend-- ant's witness as to whether deceased looked like he was looking for someone, and whether deceased had the appearance of waiting for someone, were leading and improper.

3. **Evidence; Non Expert.**—If not leading and suggestive, questions to a witness as to whether decedent looked as if he were looking for someone, were within the rule of necessity permitting a witness to testify to conclu-- sions and opinions which are but shorthand rendering of facts.

4. **Appeal and Error; Showing Error; Necessity.**—The party appealing must affirmatively show error as to the rejection of evidence complained of in order to bring about a reversal, hence, a judgment of conviction will not be reversed because of the refusal of the court to permit a defendant's wit-- ness to answer questions where it is not shown what answer was expected,. and whether it would be material.

5. **Same; Harmless Error; Charges.**—The court will not be reversed for refusing a correct written charge where, in the oral charge, the court cor-- ectly stated each of the propositions set out in the refused charge, and' which was substantially covered by written charges given.

APPEAL from Talladega City Court.

Heard before Hon. MARION H. SIMS.

John Randall, alias, was convicted of manslaughter in the first degree, and he appeals. Affirmed.

J. W. VANDIVER, for appellant. W. L. MARTIN, Attorney General, and H. G. DAVIS, Assistant Attorney General, for the State.

PELHAM, P. J.—The defendant was indicted for murder in the first degree, and convicted of manslaughter in the first degree.

(1) A witness for the defendant was asked on direct exami- nation if he found a weight at the place where the deceased was killed. The witness replied, "A weight was turned over to me by some one who said he picked it up there." The state moved to exclude this answer of the witness, and the motion was grant- ed by the court. The defendant's counsel insists in brief that the court was in error in this ruling, for the reason that a party may not speculate as to what the answer of a witness to an improper question may be and move to exclude the answer with- out having made objection to the question. The question pro- pounded to the witness did not, on its face, call for hearsay or other improper testimony, and, if objectionable because leading in form, this was discretionary, and the state, in waiving this vice by not objecting to it on that ground, is not to be precluded

from moving to exclude an answer that was mere hearsay, when there was nothing in the question from which the state could anticipate that the answer elicited would be objectionable and inadmissible for that reason.

(2-4) Another witness for the defendant was asked on his direct examination "if deceased looked like he was looking for someone," and was also asked in the same connection if the deceased had "the appearance of waiting for some one." A general objection was interposed in behalf of the state to each of these questions, which was sustained by the court, and it is insisted by appellant that such rulings constitute reversible error. It has been well said that it is difficult to classify evidence that is inadmissible as falling under the bar of calling for the conclusion of a nonexpert witness, and that opinion of the witness which may properly be testified to as being the equivalent of a specification of facts based on experience and observation of the conduct, conversation, or appearance of others, which is but the sum or resultant of every one's experience and observation, and of which a shorthand rendering is admissible. Various cases in which this principle has been discussed and applied are collated in the case of *Weaver v. State,* 2 Ala. App. 98, 56 South. 749, and many of the opinions quoted from by the writer in applying previous holdings to the concrete facts under consideration involving this rule to the case then under consideration. The same principle has been under consideration in more recent cases before this court, among others *Swain v. State,* 8 Ala. App. 26, 37, 62 South. 446; *Harwell v. State,* 12 Ala. App. 265, 68 South. 504; and *Terry v. State,* 169 South. 370. From an examination of the cases cited it will appear that, if the questions were not leading and suggestive of the answer desired, and for that reason the trial court is not to be put in error for sustaining objections to them (*May v. State,* 167 Ala. 32, 52 South. 602; *Swain v. State, supra*), they come within the rule born of necessity which permits a witness to testify to conclusions or opinions which are but a shorthand rendering of facts. Aside, however, from the questions being objectionable as leading (as we think they are), it is not shown what would have been the answer of the witness had he been permitted to answer, and we cannot say that the ruling of the court in this particular, if error, has probably been injurious or prejudicial to the defendant. As said by the Supreme Court in opinion in the case of *Ala. Steel & Wire*

[Burt v. The State.]

*Co. v. Thompson,* 166 Ala. 460, 469, 52 South. 75, 78: "No reversible error was committed in sustaining the plaintiff's objection to the question asked the witness Curley by defendant's counsel, viz.: 'And, if it makes the engine work better that way, it is the engineer's duty to do it, to make it work best?' 'The general rule in reference to the admission or rejection of evidence is that the party taking the bill of exceptions must affirmatively show error to his prejudice, or the proceedings will not be disturbed.'—*Burgess v. American Mortgage Co.,* 115 Ala. 468-473, 22 South. 282. It is not shown what would have been the answer of the witness had he been permitted to answer. Non constat, it might have been prejudicial to the defendant instead of beneficial."

(5) 2. Charge 24 requested in writing by the defendant and refused by the court has frequently been held to be good, but its refusal does not constitute reversible error, as the court in its oral charge to the jury correctly stated each of the propositions set out in the refused charge (Acts 1915, p. 815), and the charge is substantially covered by given charges 6, 8, and 12.

The record showing no reversible error, an affirmance is ordered.

Affirmed.