# Mathews, *et al. v.* The State.

### *Indictment for Arson.*

1. *Charge as to credibility of witnesses.*—A charge that ' the jury may look to the fact, if it be a fact, that any of the witnesses for the State are under indictment for the same offense with which the defendants are charged, in deciding what weight they will give to his evidence" is mere argument and may be given or refused without error.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon. N. D. DENSON.

The defendants were jointly indicted for arson and on the trial a witness was examined who was, also, under indictment for the same offense with which defendants were charged, and who testified that he saw the defendants set fire to the building they were charged with burning. On the trial the defendants requested the court in writing to give the jury the charge set forth in the opinion of the court. The court refused to give the charge and the defendants reserved an exception. No other question is raised by the record.

WM. L. MARTIN, Attorney-General, for the State.—The sole question presented by the record is the correctness of the action of the court in refusing to charge the jury, at the request of the defendant, that the jury "may look to the

fact, if it be a fact, that any of the witnesses for the State are under indictment for the same offense with which the defendants are charged, in deciding what weight they will give to the evidence."

That the charge was properly refused, see *Bancroft v. Otis*, 91 Ala. 279 and citations, 292; *Brassell v. State*, 91 Ala. 45; *Brantley v. State*, 91 Ala. 47.

McCLELLAN, J.—The only exception reserved on the trial of this case challenges the Circuit Court's action in refusing to give the following instruction requested by the defendants: "The jury may look to the fact, if it be a fact, that any of the witnesses for the State are under indictment for the same offense with which the defendants are charged in deciding what weight they will give to his evidence." The exception is without merit. The charge is a mere argument which trial courts are under no duty to present to the jury, and which may be given or refused without error. *Bancroft v. Otis*, 91 Ala. 279, and authorities there cited; *Brassell v. State*, 91 Ala, 45; *Brantley v. State*, 91 Ala. 47; *Potter v. State*, 92 Ala. 3*f*; *Ala. Gt. So. R. R. Co. v. Sellers*, 93 Ala. 9; *Jackson v. Robinson*, 93 Ala. 157.

Affirmed.