# Abernathy *v.* The State.

## *Indictment for Murder.*

1. *Homicide; admissibility of evidence.*—On a trial under an indictment for murder, where it is shown that the homicide took place at the house occupied by the defendant, and there was evidence tending to show deceased was trying to gain admittance into the defendant's house at the time of the killing, the fact that the door of the defendant's residence was broken and battered up several months after the homicide, is not a circumstance which could in any way aid in determining the character of the homicide and is plainly irrelevant to the issue being tried; and the error in the admission of such evidence, in the absence of it being shown to the satis-. faction of the court that the defendant was not prejudiced thereby, will work a reversal of the judgment of conviction.

2. *Same; charges of court to jury.*—On a trial under an indictment for murder, where there is evidence tending to show that at the time of the homicide the deceased was trying to gain admittance to the defendant's house, a charge is properly refused which instructs the jury that "where the assault is manifestly felonious in its purpose and forcible in its nature, the party attacked is under no obligations to retreat, but he may, in such case, if necessary, stand his ground and kill his adversary;" such charge taking no account of the necessity for the defendant's being free from fault in bringing on the difficulty, and pretermitting the duty of retreat.

3. *Same; same.*—On a trial under an indictment for murder, a charge is erroneous and properly refused that instructs the jury that if they "believe from the evidence that threats had been made by deceased against defendant and communicated to her, and if they further believe that deceased came to the house of the defendant on the night of the killing and threw rocks against the house of the defendant without provocation, and beat on the door with a stick, announcing all the while her intention to break in and kill defendant, then defendant would have a right to shoot even to death, without reference to defendant's danger of any peril, real or apparent.

4. *Same; same.*—On a trial under an indictment for murder, there

is no error in the part of the oral charge of the court to the jury which instructs them that "The law is that every person has a right to defend himself, and may strike to defend herself from death or great bodily harm. And the necessity need not be actual, but the circumstances must be such as to impress her with a reasonable belief that such necessity is impending."

APPEAL from the City Court of Anniston.

Tried before the Hon. JAMES W. LAPSLEY.

The appellant, Eliza Abernathy, was indicted for murder in the second degree for killing one Bettie Thornton, was convicted of manslaughter in the first degree and sentenced to the penitentiary for five years.

On the trial of the cause the evidence for the State tended to show that Bettie Thornton came upon the porch of the house occupied by the defendant and commenced hammering upon the front door asking the defendant for admittance. That the defendant told the deceased to go away, and if she did not she would shoot her. That upon the deceased refusing to leave the house, the defendant fired upon her through the glass on the side of the door and killed her.

The evidence for the defendant tended to show that upon the deceased going upon the porch of the defendant she demanded admittance and told the defendant that she had come there for the purpose of killing her; that the front door was not locked, but was closed and fastened by a prop being placed under the lock; that upon the defendant refusing to open the door the deceased pushed against the door and was putting a stick underneath it so as to remove the prop, declaring all the time that she was going to kill the defendant, and that thereupon the defendant fired upon the deceased, inflicting the fatal wound.

The evidence showed that the defendant had only one leg, and there was further evidence tending to show that the deceased had threatened to kill the defendant and that the defendant had been told of these threats. The killing occurred in August, 1900, and the trial was had on October 18, 1900.

Upon the examination of W. L. McCormack, a wit-

ness for the State, he testified that he was marshal in
the town of Jacksonville, where the killing occurred,
at the time of the homicide, and that he reached the
place of the homicide a short time after it occurred.
Upon this witness testifying that the defendant was
now living in the house where the homicide occurred
and that he had been at said house a week before the
trial, he was then asked by the State the follow-
ing question: "What is now the condition of
the front door of the house; is it broken or not?"
The defendant objected to this question upon the
ground that it called for illegal, irrelevant, incompe-
tent and immaterial evidence. The court overruled
the objection, and the defendant duly excepted. Upon
the witness answering that when he was at said house
in October, just before the trial, he noticed that the
bottom panel of the door was broken in and the door
was badly battered up, the defendant moved to ex-
clude this testimony upon the same ground as assigned
as objections to the question. The motion was over-
ruled, and the defendant duly excepted.

Upon the cross-examination, this witness testified
that the door was not broken the night of the killing;
that he was there that night and knew that it was not
broken then, but was broken several months later, in
October. The defendant then moved the court to ex-
clude the testimony in reference to the door being broken
in October, on the grounds that it was illegal, irrele-
vant and immaterial. The court overruled the motion
and the defendant duly excepted.

Upon the introduction of all the evidence the court,
among other things, instructed the jury as follows:
"The law is that every person has a right to defend
himself, and may strike to defend herself from death
or great bodily harm. And the necessity need not be
actual, but the circumstances must be such as to im-
press her with a reasonable belief that such necessity
is impending." To this portion of the oral charge the
defendant separately excepted, and also separately ex-
cepted to the court's refusal to give each of the fol-
lowing charges requested by her: (1.) "Where an

assault is manifestly felonious in its purpose and forcible in its nature, the party attacked is under no obligation to retreat, but he may. in such cases, if necessary, stand his ground and kill his adversary." (2.) "If the jury believe from the evidence that threats had been made by deceased against defendant and communicated to her, and if they further believe that deceased came to the house of the defendant on the night of the killing and threw rocks against the house of the defendant without provocation and beat on the door with a stick, announcing all the while her intention to break in and kill defendant, then defendant would have a right to shoot even to death, without reference to defendant's danger or peril, real or apparent.

D. D. McCARTY, for appellant.—The court erred in allowing the witness McCormack to testify as to the condition of the door of the defendant's residence several months after the homicide.—*Crawford v. State,* 112 Ala. 1; *Whittaker v. State,* 106 Ala. 30; *Redd v. State,* 68 Ala. 492.

The charges requested by the defendant should have been given.—*Evans v. State,* 120 Ala. 267; *Crawford v. State,* 112 Ala.1; *Storey v. State,* 71 Ala. 336.

CHAS. G. BROWN, Attorney-General, for the State, cited *Floyd v. State,* 82 Ala. 16; *Evans v. State,* 109 Ala. 2; *Naugher v. State,* 105 Ala. 26; *Crawford v. State,* 112 Ala. 28.

SHARPE, J.—That the door of defendant's residence was broken and battered several weeks after the homicide was not a circumstance which could aid in determining the character of the homicide and was plainly irrelevant to the issue tried. In criminal cases, the presumption of injury which ordinarily arises from the admission of incompetent evidence will be held to apply wherever the court cannot be satisfied that the defendant was not prejudiced by such admission.—*Maxwell v. State,* 89 Ala. 150; Code, § 4333. The evidence referred to may have led to the inferences that the de-

fendant or the house she kept was of a disorderly character or to other inferences anything but favorable to defendant's cause. That the jury was not influenced to her prejudice by the irrelevant evidence is not discernible and, therefore, the error of its admission carries with it the presumption of injury and must work a reversal of the judgment.

Charge 1 requested by defendant is in form the assertion of abstract proposition, applicable to all cases where a felonious and forcible assault is committed by the person killed upon the slayer without regard to the place or circumstances of the occurrence. As such it is incorrect because it takes no account of the principle that in homicides occurring in personal encounters the slayer though attacked with felonious intent, to be excused of killing his adversary must be free from fault in bringing on the difficulty, (*Wilkins v. State*, 98 Ala. 1) ; and the charge also pretermits the duty of retreat which in many cases and according to circumstances, the law imposes on one attacked elsewhere than in his habitation.—*Storey v. State*, 71 Ala. 338; *Evans v. State*, 109 Ala. 11; *Carter v. State*, 82 Ala. 13.

The facts hypothesized in refused charge 2 would not alone have given the defendant the right to kill the deceased as is asserted in the charge.

There was no error in the part of the oral charge excepted to. If the oral charge was not sufficiently full and explicit, the remedy was by requesting further instructions.

Reversed and remanded.

