# Outler v. The State.

## Murder.

(Decided June 14, 1906. 41 So. Rep. 460.)

1. *Homicide; Evidence; Sufficiency.* In a difficulty between defendant and deceased immediately before the killing, defendant secured deceased's pistol and shot him while he was retreating; Held, defendant was guilty of some degree of homicide.

2. *Criminal Law; Trial; Instruction; Misleading.*—There being other evidence from which the jury was authorized to return a verdict of guilt, a charge which asserts that if the testimony of a named witness, or any part thereof, was wilfully false, the jury could disregard it and find accused not guilty, was misleading and properly refused.

3. *Same; Argumentative Instructions.*—An instruction directing the jury that they may look to the fact that the pistol used in killing deceased was deceased's pistol and not defendant's in fixing the grade of the homicide, was properly refused as being argumentative.

4. *Same; Instruction as to Duty of Jurors; Reasonable Doubt.*— A charge requiring an acquittal if either or any one of the jury have a reasonable doubt of the defendant's guilt, is erroneous as requiring a verdict upon the belief of one juror.

5. *Homicide; Instructions; Self Defense; Omission of Evidence.*—A charge requiring an acquittal if the jury believe that at the time the fatal shot was fired defendant acted upon the honest belief that he was in danger of life or great bodily harm at the hands of the deceased, was properly refused as omitting all reference to defendant's freedom from fault in bringing on the difficulty.

APPEAL from Covington Circuit Court.

Heard before HON. H. A. PEARCE.

[Outler v. The State.]

The evidence tended to show that defendant was at a well drawing water in the rear of Gordon Bros.' store, in Covington county, and deceased was on a wagon near the rear of said store. Defendant's wife came up to where deceased was ,and asked him why he had cursed her child, whereupon he cursed her and told her he would slap her head off. Defendant asked him not to curse his wife, and deceased inquired of him, using an oath, what he had to do with it. Deceased was drinking. Defendant replied that he did not want deceased to be cursing his wife, and approached deceased, whereupon deceased drew a pistol. Defendant closed with deceased in a struggle over the pistol, wrenched the pistol out of deceased's hand, and, as deceased was stepping off sideways, asking defendant not to shoot, the defendant fired three shots in rapid succession, two of them taking effect in deceased's left side and producing death. There was conflict in the testimony as to whether or not deceased was advancing on defendant when the first shot was fired. The defendant requested the court in writing to give the following charges, each of which the court separately refused: "(1a) If the guilt of the defendant is dependent on the testimony of Isaac Terry, and the jury believe from the evidence that the testimony of said Terry, or any part thereof, was willfully and maliciously false, then they can disregard his testimony in full, and must find the defendant not guilty." "(11) You may look to the fact, if you find it to be a fact from the evidence in the case, that the pistol used in killing the deceased was his own weapon, and not the pistol of the defendant; when you are fixing the grade of the homicide, if you should determine that the defendant was not absolutely guiltless." "(A) I charge you that, if you believe from the evidence that at the time the fatal shot was fired the defendant acted under the honest belief that he was in danger of life or limb at the hands of deceased, then you should acquit him. (B) I charge you that, if you believe from the evidence that at the time the fatal shot was fired the appearances and surroundings were such as to generate in the mind of the defendant the honest belief that he was in danger of life

or limb at the hands of the deceased, then you should acquit him. (C) I charge you that, if the defendant had a reasonable apprehension of great personal violence either to life or limb, he had a right to protect himself, even if, in order to do so, it necessitated the taking of the life of the deceased. (D) I charge you that, if you believe the evidence ,you cannot convict the defendant of murder in the first degree. (E) I charge you that, if you believe the evidence, you cannot convict the defendant of murder in the second degree. (F) I charge you that, if you believe from the evidence that the defendant at the time of the fatal difficulty honestly believed from appearances and surroundings that the danger to his life or limb would have been increased had he retreated, then he was under no duty to retreat. (G) I charge you that, if you believe the evidence, you cannot convict the defendant. "(I) I charge you that, if either of you have a reasonable doubt as to the defendant's guilt ,then it will be your duty to acquit him. (J) I charge you that, if either or any of you are not satisfied to a moral certainty of defendant's guilt, then you should acquit him."

R. H. JONES and W. N. ALBRITTON, for appellant.—The court erred in refusing charge 1A.—*Jackson v. The State,* 136 Ala. 22; *Churchwell v. The Sstate,* 117 Ala. 124; *Burton v. The State,* 115 Ala. 1. Charge 11 should have been given.—*Sylvester v. The State,* 72 Ala. 201; *Compton v. The State,* 110 Ala. 24. Charge E should have been given.—71 Ala. 14; 86 Ala. 613.

MASSEY WILSON, Attorney General, for the State.—No brief came to the reporter.

TYSON, J.—The defendant's conviction was not dependent upon the testimony of witness Terry. Indeed, under the testimony adduced through other witnesses, who saw the shooting ,the jury might well have found the defendant guilty. If it be true that defendant shot deceased while he was running, after getting possession of his pistol, no matter who was at fault in bringing on the difficulty in which the pistol was wrenched by defendant from the hands of the deceased, he could not be

guiltless. It was with respect as to what occurred between deceased and defendant prior to the scuffle between them over the pistol that Terry's testimony was uncorroborated. Charge 1A, we think, was calculated to mislead the jury, if not otherwise bad. It is true that in *Jackson v. State*, 136 Ala. 22, 34 South. 188, we held that a charge, similar to this one in all respects except in that one, the willful and malicious falsity of the witness' testimony was predicated upon a material part of his testimony and should have been given. But in that case the conviction was dependent solely upon the witness 'testimony with which the charge dealt.

Charge 11 was an argument.—*Mathews v. State,* 100 Ala. 46, 14 South. 359, and cases there cited.

Charges A, B, C, and F were faulty, if not otherwise bad in omitting the proper postulation as to defendant's freedom from fault in bringing on the difficulty.

The defendant's guilt, as charged, under the evidence, was clearly for the determination of the jury. Charges D, E, and G were therefore properly refused.

Charges I and J made defendant's acquittal turn upon the finding of one juror.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.