# Wright *v.* The State.

## *Larceny.*

(Decided Feb. 15, 1908.     Rehearing denied July 3, 1908.
47 South. 201.)

1. *Evidence; Opinion Evidence.*—A witness having testified that he had seen the owner of the house alleged to have been entered, wear the trousers stolen, together with the suit, it was proper to show by him that the trousers and coat were just alike, and it was also permissible to show by other witnesses that the trousers found in defendant's possession were like those belonging to the owner of the house alleged to have been entered.

2. *Charg of Court; Directing Verdict.*—Where the evidence is in conflict it is not within the province of the court to direct the verdict.

[Wright v. The State.]

3. *Same; Abstract Instructions.*—A charge asserting that if any of the state's witnesses had exhibited bias against the defendant, or anger, and had satisfied the jury that they had not testified truly, and were not worthy of belief, and the jury thought their testimony should be disregarded they might disregard it altogether, is abstract, and properly refused.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

Will Wright was convicted of larceny from the dwelling house, and he appeals. Affirmed.

The goods alleged to have been stolen were a pair of gray pants and one pair of shoes, the property of one Richardson. Exceptions to evidence are sufficiently set out in the opinion. Two charges were refused to the defendant: (1) The general affirmative charge. (2) "The court charges you, gentlemen of the jury, that if any of the state's witnesses have exhibited bias, against the defendant, or anger, and satisfied you that they have not testified truly, and were not worthy of belief, and you thought their testimony should be disregarded, you may disregard it altogether."

LEITH & GUNN, and JOHN A. COLEMAN, for appellant. The court should have given charge 2.—*Hammond v. The State,* 147 Ala. 79; *Norwood v. The State,* 118 Ala. 136; *A. G. S. R. R. Co. v. Frazer,* 93 Ala. 51; 76 Ala. 92; 79 Ala. 267.

ALEXANDER M. GARBER, Attorney General, for the State. The court did not err in permitting the testimony as to the trousers being like the ones owned by Richardson.—*Maybury v. The State,* 107 Ala. 64; *Thornton v. The State,* 113 Ala. 43. The court properly refused charge 2.—*Brown v. The State,* 142 Ala. 287; *Springfield v. The State,* 96 Ala. 81; *Cobb v. The State,* 115 Ala. 18.

HARALSON, J.—In order to identify the goods that had been burglarized from the house, a witness testified, that he lived near Richardson, the man who owned the house that was entered, and had seen him wear the pants, and a pair of shoes, alleged to have been lost, with a suit of clothes he had. The solicitor asked him, "Was the suit of clothes he had just like the pants?" that had been taken; and he answered that the pants and coat were just alike, and he had seen the defendant wear the pants before he heard of Richardson's losing his.

Other witnesses testified, in substance, that the pants taken were like Richardson's. This evidence was objected to, but was let in by the court, as tending to show the identity of the pants taken and found with defendant, with Richardson's. The statements were admissible, as we have held, as collective facts.—*Thornton v. State,* 113 Ala. 43, 21 South. 356, 59 Am. St. Rep. 97, and authorities there cited.

There was evidence from which the jury could find the defendant guilty, and the evidence, to that end, and that of defendant, was in conflict. Of course, the general charge for defendant was, under such conditions, properly refused.

The second charge requested by defendant was properly refused as being abstract.

Affirmed.

TYSON, C. J., and ANDERSON, DENSON, and MCCLELLAN, JJ., concur.