[Adams v. The State.]

# Adams *v.* The State.

## *Murder.*

(Decided January 1, 1912.   57 South. 591.)

1. *Charge of Court; Weight of Testimony.*—The court refused to charge that if the state witnesses had exhibited prejudice against accused and had satisfied the jury that they did not testify truly and were not worthy of belief, the jury could disregard their testimony. Held, by a divided court, that under the peculiar circumstances in this case that the charge should have been given, and that its refusal was error to reversal.

2. *Same; Reasonable Doubt.*—A charge asserting that where there is a probability of defendant's innocence, the jury should acquit him, was improperly refused.

3. *Same.*—It is proper to refuse a charge asserting that where the evidence is evenly balanced the jury should acquit the defendant.

4. *Arrest; Warrant; Authority.*—Where two officers are acting together in attempting to make an arrest, and the warrant is in the possession of one of them, it is a justification for both, and the act of one of the officers, who does not have the warrant in possession in going into the house of defendant to arrest him while the officer with the warrant stands nearby, is justified by the warrant; such officer must, however, inform accused of his authority and produce the warrant before making the arrest if the warrant is demanded.   (Sec. 6268, Code 1907.)

5. *Homicide; Self-Defense; Resisting Arrest.*—A citizen may resist an unlawful arrest but may not use such force as will endanger the life of the officer.

6. *Appeal and Error; Harmless Error; Evidence.*—Where a question is asked the witness and objected to, but is not answered, the defendant has no cause of complaint.

7. *Trial; Objection to Evidence; Mode.*—Where the warrant was introduced in evidence without objection, it should have been excluded on motion if shown not to be genuine or correct, but was not subject to objection to its introduction.

(McClellan and Somerville, JJ., dissent.)

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

John Adams was convicted of murder in the first degree, and he appeals.   Reversed and remanded.

It appears from the facts in the case that Ellington and Berry, two policemen, went to the home of John Adams to arrest him on a misdemeanor charge, Ellington being armed with a warrant for his arrest; and that in attempting to make the arrest Berry was killed and Ellington wounded by Adams. The witnesses were the wife of the dead man, Ellington, who was wounded, Julius Smith, W. E. Holland, and Bellinger Cheney, most of whom were connected with the police department. The evidence was in conflict as to how the killing occurred; that for the state tending to show an outrageous killing, and that for the defendant tending to show self-defense.

The following charges were refused to the defendant: (20) "The court charges that if the state's witnesses have exhibited prejudice or anger against the defendant, and satisfied you that they have not testified truly and are not worthy of belief, and you think their testimony should be disregarded, you may disregard it altogether." (12) "The court charges that, if there is a probability of defendant's innocence, you should acquit him." (5) "The court charges that, if the officers went into Adams' house to arrest him for a misdemeanor not committed in the officers' presence, the officer not having the warrant, the officer was engaged in an unlawful act." (8) "The court charges that the citizen may oppose a forcible aggression upon him in the execution of an unlawful arrest, even to slaying the officer when the arrest cannot otherwise be prevented." (22) "The court charges that if the evidence is evenly balanced the jury should lean to the side of mercy and acquit the defendant."

JOHN S. TILLEY, for appellant. The court erred in refusing charge 12.—*Fleming v. The State,* 150 Ala. 19;

*Shaw v. The State,* 125 Ala. 80; *Henderson v. The State,* 120 Ala. 360; *Bones v. The State,* 17 Ala. 138; *Simmons v. The State,* 158 Ala. 8, and cases cited. Charge 20 should have been given.—*Burkett v. The State,* 154 Ala. 19; *Hammond v. The State,* 147 Ala. 79; *Story v. The State,* 71 Ala. 336. Charge 5 should have been given.— *Knowles v. The State,* 24 Ala. 672; Sec. 6269, Code 1907. Charge 8 · should have been given.—*Williams v. The State,* 44 Ala. 41; *Robertson v. The State,* 29 South. 535; *Miller v. The State,* 31 Cr. Rep. 609. Charge 22 should have been. given.—*Hughes v. The State,* 117 Ala. 25. Counsel discuss objections to evidence but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MAR-TIN, Assistant Attorney General, for the State. Questions not answered cannot be made the basis of a complaint.—*Jackson v. Clopton,* 66 Ala. 29; *Billingsley v. The State,* 85 Ala. 323; *Cartledge v. The State,* 132 Ala. 17; *Harris v. Basden,* 162 Ala. 367. Where two officers are acting in concert in the execution of a warrant, they are each protected by the same.—*Brown v. The State,* 109 Ala. 70; *Spear v. The State,* 120 Ala. 351; *Ward v. Deadman,* 124 Ala. 288. This is true even if one was a special deputy.—*Andrews v. The State,* 78 Ala. 483; *Parrish v. The State,* 130 Ala. 92. A reasonable doubt sufficient to cause an acquittal must grow out of the evidence.—*Rogers v. The State,* 117 Ala. 13; *Williams v. The State,* 129 Ala. 659; see also in this connection.—*Heard v. The State,* 94 Ala. 100; *Davidson v. The State,* 167 Ala. 68; *Welch v. The State,* 156 Ala. 112; *Liner v. The State,* 124 Ala. 1. Charge 20 was properly refused.—*Hammond v. The State,* 147 Ala. 79; *Burkett v. The State,* 154 Ala. 19; *Wright v. The State,* 156 Ala. 108.

[Adams v. The State.]

ANDERSON, J.—Charge 20, refused the defendant, is predicated upon an elementary rule of law, and the refusal of such a charge has been frequently held to be reversible error.—*Burkett v. State,* 154 Ala. 19, 45 South. 682; *Hammond v. State,* 147 Ala. 79, 41 South. 761. It is true the refusal of a similar charge in the case of *Wright v. State,* 156 Ala. 108, 47 South. 201, was justified, because abstract. We cannot say, however, that the charge is abstract in the case at bar, as the relationship and association of the deceased with many of the state's witnesses could afford an inference for the jury that the said witnesses were hostile to the defendant. · Moreover, the principal witness, Ellington, was engaged in the combat, and was shot by the defendant at the same time that Berry was killed.

Charge 12, refused the defendant, has repeatedly received the approval of this court, and its refusal has often been pronounced reversible error.—*Fleming .v. State,* 150 Ala. 19, 43 South. 219; *Bones v. State,* 117 Ala. 138, 23 South. 138; *Whitaker v. State,* 106 Ala. 30, 17 South. 456; *Croft v. State,* 95 Ala. 3, 10 South. 517; *Bain v. State,* 74 Ala. 38; *Shaw v. State,* 125 Ala. 80, 28 South. 390; *Henderson v. State,* 120 Ala. 360, 25 South. 236; *Prince v. State,* 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28; *Nordan v. State,* 143 Ala. 13, 39 South. 406.

It may be conceded that the arrest in question, the defendant having been charged only with a misdemeanor not committed within the presence of the officer, could only have been lawfully made under a warrant (section 6269 of the Code of 1907); yet the state's proof shows that Ellington did have a warrant, and the deceased, Berry, was sent to help arrest the defendant, and was acting in concert with Ellington when he went to the house to arrest the defendant. Where two offi-

cers are acting together, the possession of the warrant by one is sufficient justification for both.—*People v. Durfee,* 62 Mich. 487, 29 N. W. 19. Berry was not, therefore, engaged in an unlawful act in going into the house of Adams to arrest him, although he did not have the warrant on his person; it being held by Ellington, who was near by. It was his duty, however, under section 6268 of the Code, to inform the defendant of his authority; and if the warrant was demanded or required he should not have made the arrest until the warrant was produced. Charge 5, requested by the defendant, was properly refused. If not otherwise bad, it was calculated to mislead the jury to the belief that Berry had no right to act under a warrant held by Ellington.

There was no error in refusing charge 8, requested by the defendant. If not otherwise bad, it was calculated to mislead the jury into the belief that the defendant would have the right to kill the officer while making a forcible arrest under an unlawful warrant, regardless of the amount of force used to accomplish said arrest. The citizen may resist an attempt to arrest him which is simply illegal, to a limited extent, not involving any serious injury to the officer. He is not authorized to slay the officer, except in self-defense; that is, when the force used against him is felonious, as distinguished from forcible. It is better to submit to an unlawful arrest, though made with force, but not with such force as to endanger the life or limb, than to slay the officer.

There was no error in refusing charge 22, requested by the defendant.—*Hill v. State,* 156 Ala. 3, 46 South. 864; *Kirby v. State,* 151 Ala. 66, 44 South. 38.

The appellant can take nothing by the objection to the question asked Ellington as to the position of the deceased when shot, as the record shows that said question was not answered.

[Adams v. The State.]

There was no error in permitting the state to show that Berry went with Ellington to help make the arrest, and that Ellington had a warrant; for, as heretofore stated, if they were acting in concert, the warrant was a protection to both of them.

The warrant had been introduced in evidence without objection from defendant, and an objection to the introduction of same after it had already been introduced was not proper or appropriate. If the cross-examination disclosed that it was not correct or genuine, it should have been eradicated by motion to exclude, and not by objecting to same after it had previously been introduced. We do not wish to be understood, however, as holding that the cross-examination of Williamson discredited the warrant, so as to authorize the exclusion of same.

While we have discussed only the questions argued, the other rulings have been considered, and we find no reversible errors, other than the ones previously suggested.

The judgment of the city court is reversed, and the cause is remanded.

Reversed and remanded.

SIMPSON and MAYFIELD, JJ., concur in the opinion. SAYRE, J., concurs in the opinion and in the reversal of the case, but thinks that charge 20, while correct, was abstract in the present case, and that the refusal of same was not reversible error. McCLELLAN and SOMERVILLE, JJ., think that the case should be affirmed, and therefore dissent.

Justices McCLELLAN and SOMERVILLE are of the opinion that the trial court did not commit reversible error in refusing special charges 12 and 20. That numbered 20 obviously referred, by the employment, in its hypoth-

[Adams v. The State.]

esis, of the term "exhibited," to manifestations of "prejudice or anger against the defendant" by witnesses while before the jury on the trial. There is not a line in the bill of exceptions to justify that feature of the hypothesis of charge 20. It was therefore abstract, and properly refused, as was expressly ruled in *Wright's Case,* 156 Ala. 108, 47 South. 201.

In several clearly expressed special charges, given at the instance of the defendant, the jury were advised that they could not convict the defendant, unless they were convinced of his guilt beyond a reasonable doubt and to a moral certainty. It has been often ruled here "that a probability of innocence is the equivalent of a reasonable doubt of guilt."—*Sanders v. Davis,* 153 Ala. 375, 385, 44 South. 979; *Bones v. State,* 117 Ala. 134, 139, 23 South. 138; *Whitaker v. State,* 106 Ala. 30, 35, 17 South. 456; and other authorities therein cited. *Reasonable doubt and probability of innocence* (the latter occurring in charge 12), both having reference to the state and degree of assurance requisite to justify a conviction of an accused, being, in law, equivalent, the court was not obliged to reiterate, *in merely different language,* the same idea it had expressed, at defendant's instance, to the jury; and hence the court committed no prejudicial error in refusing charge 12. This court has heretofore approved charge 12; but it has not heretofore taken account of the fact, present on this appeal, that the court, in other special charges given for the defendant, instructed the jury with respect to the approved equivalent of the very essence of charge 12. As they view the matter, any other conclusion would jeopardize solemn judgments by a mere play upon words.

Aside from this, however—independent of it—they are convinced from the record that the verdict of the jury would not have been different, had special charge

been given to the jury, instead of refused. Being so convinced, they conceive it to be their duty to apply in this case, as the court did in *Pope v. State,* 174 Ala. 63, 57 South. 245, the first rule expressed in this provision of the statute (Code, § 6264), "But the judgment of conviction must not be reversed because of error in the record, when the court is satisfied that no injury resulted therefrom to the defendant," and as interpreted in *Dennis' Case,* 118 Ala. 72, 79, 23 South. 1002, 1004, as follows: "We are of the opinion the proper construction of this section of the Code is that the court must be satisfied that the verdict of the jury would not have been different if the charge had been given." They therefore think the judgment and sentence of law pronounced in the city court should be affirmed.