# Harper *v.* The State.

## *Larceny.*

(Decided June 12, 1913. Rehearing denied June 27, 1913.
63 South. 23.)

1. *Larceny; Conflicting Evidence; Directing Verdict.*—Under the evidence in this case the court could not properly direct a verdict for defendant.

2. *Same; Instruction.*—Charges asserting that defendant should be acquitted if he took the prosecutor's pocket book with his consent, or if prosecutor gave it to him to keep, where there was no evidence to support them, were properly refused, it appearing that defendant denied having the pocketbook, and that the prosecutor testified that it was stolen.

3. *Charge of Court; Reasonable Doubt.*—A charge asserting that if a single juror has a reasonable doubt of defendant's guilt the jury should acquit, is properly refused.

4. *Same; Argumentative.*—A charge asserting that if defendant is convicted of stealing prosecutor's pocketbook, the prosecutor would have the right to a judgment against defendant for the money, and his interest in testifying should be taken into account, is not only argumentative, but has a tendency to confuse and mislead.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Wilmer Harper was convicted of grand larceny, and he appeals. Affirmed.

Defendant was accused of taking $135 from C. H. Robinson while he was asleep. Said Robinson testified: That he was drinking, and was out at the fair grounds in Athens, when defendant said to him: "Let's go take a dope; it will help you." That Sam Black said to witness: "Give your money to your wife to keep." And defendant said: "Do not give your money to anybody; keep it yourself." That after defendant and witness had taken a drink, defendant said to witness: "The police will get you for being drunk if you don't get away from here, so come go with me, and I will take care

of you." They went off down the branch and sat down, and witness soon went to sleep. That he was partially awakened by defendant taking his pocketbook out of his pocket, and that witness said to defendant: "What are you doing?" And defendant replied: "I am going to take care of your money for you." Whereupon witness again went off to sleep, and when he awoke defendant was gone, and his money gone with him. It was further shown that later on that night the defendant was seen with some money. Defendant denied any connection with the offense, stated that he went off with Robinson as testified to by Robinson, that he went to sleep, and that when he waked up Robinson was gone, and that he had never seen or heard of Robinson's money, except that he was accused of taking it.

The following charges were refused defendant: (B) "If you believe from the evidence in this case that defendant took the pocketbook out of the pocket of Robinson with the knowledge and consent of Robinson, then defendant is not guilty of larceny." (D) "If you believe from the evidence that Robinson gave the pocketbook to defendant to keep for him, and you further believe he kept the pocketbook, then I charge you defendant is not guilty of larceny." (C) "If there is a single juror trying this case who is not convinced from the evidence in this case beyond all reasonable doubt of the guilt of defendant, then you should acquit defendant." (E) "If you convict defendant, then Robinson, whose money is alleged to have been stolen, will have a judgment against defendant for the amount of money you may find was stolen, and you may look to the fact of the interest any witness may have in the conviction of defendant in considering the evidence."

M. K. CLEMENTS, for appellant. Counsel discusses the errors assigned and the exceptions reserved, but without citation of authority, except as to the charge relative to the right to a judgment for the money in the event of conviction, as to which charge counsel cites section 7327, Code 1907.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Counsel discuss the charges refused, but without citation of authority.

PELHAM, J.—No exception is shown to have been reserved to the ruling of the court on any matter of evidence, and the only questions presented by the record are the refused charges.

The evidence is in conflict, and the general charge requested by the defendant could not properly have been given. It is not within the province of the court to direct the verdict under such circumstances.—*Wright v. State,* 156 Ala. 108, 47 South. 201.

Charges B and D are abstract as applied to the facts of the case.—*Shelton v. State,* 144 Ala. 160, 42 South. 30; *Handy v. State,* 121 Ala. 13, 25 South. 1023. These charges raise questions which were not issues in the trial.—*Washington v. State,* 155 Ala. 2, 46 South. 778.

Charge C predicates an *acquittal* on the failure of every juror to be convinced beyond a reasonable doubt of the guilt of the defendant.—*Outler v. State,* 147 Ala. 39, 41 South. 460; *Parker v. State,* 5 Ala. App. 64, 59 South. 518.

Charge E so couples different legal propositions as to convert them into an argument for the evident purpose of discrediting the testimony of the state's witness, and thus had a tendency to confuse or mislead. The

court is under no duty to give a charge that is argumentative (*Greer v. State,* 156 Ala. 15, 47 South. 300; *Hill v. State,* 156 Ala. 3, 46 South. 864), and, even though a charge asserts a correct proposition of law, the court will not be put in error for refusing it unless free from all tendency to confuse or mislead.—*A. B. & Ry. Co. v. Wheeler,* 154 Ala. 530, 46 South. 262.

The record shows no error, and the judgment of the lower court will be affirmed.

Affirmed.

