# Osborn v. The State.

## Murder.

(Decided February 1, 1917.    73 South. 985.)

1. **Charge of Court; Demand for Written Charge; Time.**—Section 5363, Code 190, requires that a demand that the court put its oral charge in writing be made before argument is commenced, and hence, a demand made during the closing argument for the state comes too late.

2. **Same; Abstract.**—It is never error to refuse an abstract charge.

3. **Same; Covered by Those Given.**—The court will not be put in error for refusing charges substantially covered by oral or written instructions given.

4. **Homicide; Indictment; Designation of Person Killed.**—Where the indictment averred that the person killed was named Lula, and that her name was otherwise unknown to the grand jury, the indictment was not demurrable.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. H. ALSTON.

Mary Lucinda Osborn was convicted of murder in the first degree, and she appeals. Affirmed.

The indictment charges the killing of Lula, whose name is to the grand jury otherwise unknown, by cutting her, or by stabbing her with a knife. The following charges were refused to defendant:

"(18) The court charges the jury that a defendant is warranted in acting more promptly in her own defense when assailed by a person who she knows has made threats of taking her life than when assailed by one who has made no such threat."

[Osborn v. The State.]

(19) Same as 18.

"(5) If you believe from all the evidence in this case that defendant struck deceased under a bona fide belief that she was in impending, imminent danger of life or limb, and that she had, under all the circumstances, reasonable cause to believe that she was in imminent danger at the time the blow was struck, it was immaterial whether there was danger or not."

Charges 37 to 42, inclusive, were the affirmative charges as to the different degrees of murder.

"(A) Malice is a necessary ingredient of murder. If defendant struck on account of a purely imaginary necessity, and without malice, then you cannot find her guilty of murder if she honestly believed she was in imminent danger of life or limb; could not retreat without increasing her danger, and that she was without fault in bringing on the difficulty regardless of what a reasonable man would have thought."

J. P. POPE, and A. J. ALDRIDGE, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was convicted of murder in the first degree, and sentenced to imprisonment for the term of her natural life.

(1) In all civil and criminal cases the judge must charge the jury in writing, if the charge is requested to be so given by either party, "and notice of such requisition is given [the court] after the testimony is closed, and before the argument to the jury is commenced."—Code, 1907, vol. 2, § 5363; *Wilson v. State,* 171 Ala. 25, 35, 54 South. 572; *Ragland v. State,* 125 Ala. 12, 27 South. 983; *Orr v. State,* 117 Ala. 69, 23 South. 696.

The demand that the charge of the court be given in writing came too late when made for the first time "during the closing argument of the solicitor."

(2) The court committed no error in refusing defendant's written charges Nos. 18 and 19 as abstract.—6 Mayf. Dig. 112, § 21; *Shelton v. State,* 144 Ala. 106, 42 South. 30; *Wright v. State,* 156 Ala. 108, 47 South. 201; *Adams v. State,* 175 Ala. 8, 57 South. 591; *Harper v. State,* 8 Ala. App. 346, 63 South. 23, and authorities. There was ample evidence to support the verdict of the jury; and no error was committed in refusing defend-

[Hines v. The State.]

ant's written charges 37 to 42, inclusive (7 Mayf. Dig. 134), nor in overruling the motion for a new trial.

(3) Defendant's refused charge 5 might well have been given under the rule announced in *Kennedy v. State*, 140 Ala. 1, 37 South. 90; *Davis v. State*, 188 Ala. 59, 66 South. 67, and *De Wyre v. State*, 190 Ala. 1, 67 South. 577, yet the defendant had the benefit of the instruction sought, in her given charge 59.

Defendant likewise had the benefit of charge A (refused), in her several written charges given by the court.

(4) The averment in the indictment was that the other name of the deceased was to the grand jury unknown. The indictment was free from demurrer.—7 Mayf. Dig. 419; *Duvall's Case*, 63 Ala. 12; *Harrison's Case*, 144 Ala. 20, 40 South. 568; *Terry v. State*, 120 Ala. 286, 25 South. 176.

The judgment of the criminal court of Jefferson county is affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.