54 So.2d 312

**EDGE v. STATE.**

**7 Div. 112.**

Court of Appeals of Alabama.
May 8, 1951.

Rehearing Denied May 29, 1951.

Roy D. McCord and Rowan S. Bone, Gadsden, for appellant.

Si Garrett, Atty. Gen., and Thos. M. Galloway, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

In the lower court the accused was convicted of the offense of possessing prohibited liquors.

The deputy sheriff testified that while he was hidden near the residence of appellant the latter and a Negro man drove to the rear of the home in separate cars. The appellant stood near by and the Negro unloaded a large quantity of whiskey from each of the automobiles. Practically all of the liquor was placed in a "manhole" under the residence. Both parties then departed in the cars, and the deputy also left to secure a search warrant. He returned in about twenty minutes with other officers and found the whiskey in the indicated location.

The accused disclaimed any knowledge of the whiskey and denied that he was present when it was placed under his home.

■ It is evincingly clear that in this state of the evidence the defendant was not due the general affirmative charge.

■ The officer's delineation of the processes employed by the Negro man in unloading the whiskey from the cars and placing it in the manhole constituted a part of the res gestae. According to the deputy's testimony, at this time the defendant stood near by. McGee v. State, 25 Ala.App. 361, 146 So. 628; Vincent v. State, 20 Ala.App. 637, 104 So. 686.

■ Besides the general affirmative charge, there was one other unnumbered charge which was refused to the defendant. The latter instruction is not based on the evidence and was properly refused. Edwards v. State, 205 Ala. 160, 87 So. 179; Knighten v. State, Ala.App., 49 So. 2d 789.

■ It is otherwise faulty. Andrews v. State, 134 Ala. 47, 32 So. 665; Gold-

smith v. State, 105 Ala. 8, 16 So. 933; Outler v. State, 147 Ala. 39, 41 So. 460; Harper v. State, 8 Ala.App. 346, 63 So. 23.

There are other questions presented for our review, but they relate to familiar and well-established rules of law. A discussion of them would be of no value.

The judgment below is ordered affirmed.

Affirmed.

On Rehearing

We are mindful of the duty imposed on the appellate courts to search the entire record for error in criminal cases.

For practical purposes and to avoid unduly lengthy opinions, we often omit to discuss questions which have no semblance of merit.

When we prepared the original opinion in this cause we applied this practice with reference to the action of the court in sustaining demurrers to appellant's motion to "strike or dismiss" the indictment.

We followed the same course in relation to the insistence that the judgment was incomplete.

In brief on application for rehearing counsel express surprise and apparent disappointment because we did not treat these matters.

■ The motion to "strike or dismiss" the indictment attempts to impose the defense of former jeopardy, which, of course, can only be done by special plea.

The pertinent part of the sentence appearing in the judgment is: " * * * and the said fine and costs not being presently paid or secured, as required by law, It is ordered and adjudged by the Court that the defendant be and he is hereby sentenced to perform hard labor for Etowah County, Alabama for the further term of One Hundred Forty (140) days in lieu of said fine of $500.00, and the Clerk of the Court having certified to the Court that the costs in this case amount to Sixty-six ($66.00) Dollars, It is further ordered and adjudged by the Court that the defendant be and he is hereby also sentenced to the additional term of Eighty-Eight (88) days in lieu of said costs, this being at the rate of 75¢ per day."

Despite this appearance counsel in brief on rehearing state: "The sentence to hard labor as to the costs of this case appearing in the judgment is ineffective and fails to comply with the mandatory provision which requires the trial court to determine the time and to sentence the convicted for a definite number of days sufficient to work out costs."

We are unable to understand why such an insistence is made.

The appplication for rehearing is over-ruled.