Maupin, J.,
with whom Shearing, L, agrees,
concurring:
I concur with the decision of the majority that the contraband in this case was abandoned and that Lisenbee had no standing to argue that it was seized in violation of his rights under the Fourth Amendment to the Federal Constitution.[1]
However, I believe the majority puts too fine a point on its determination that, at some point, Lisenbee was the victim of an unlawful seizure of his person in violation of Terry v. Ohio, 392 U.S. 1 (1968) and NRS 171.123.[2]
The district court found that the sheriff’s deputies had no reasonable basis for believing that a crime was committed or about *1132 to be committed. Therefore, the district court concluded that the deputies had no justification for detaining Lisenbee after he showed them the prison identification card. I would, respectfully, take issue with this conclusion. There was evidence in the record that (1) the deputies had witnessed Lisenbee’s suspicious behavior near a residence, (2) they were looking for a burglary suspect who matched Lisenbee’s description and who was last seen in the same area, (3) they had not previously seen an identification card like the one carried by Lisenbee and wanted to confirm its validity, and (4) for their own safety, while they were conducting the check of the identification, they attempted to seize the knife and wished to make sure that Lisenbee had no other weapons.
In my view, the deputies were within their rights to confront Lisenbee and inquire as to his identity and purpose in the neighborhood in which their interaction occurred. When Lisenbee lifted his shirt and revealed the presence of the knife on his person, he confirmed that he was armed. The majority concludes that his act of revealing the knife demonstrated that he was not armed (and dangerous). In fact, he was armed. His actions confirming this fact obviate the necessity of reaching the propriety of a “pat down” or “frisk” in this matter. The officers had already determined Lisenbee’s status as an “armed” individual.[3]
Going further, it was not unreasonable for the officers to temporarily disarm Lisenbee until satisfied that he was not the person whom they were seeking. It was also not unreasonable for the officers to seek confirmation of the validity of a “prison identification card.” His resistance to this process did violate NRS 199.280 and, because no excessive force was used by these officers, he was not at liberty to resort to any force in response. In short, no person has the right to resist legal or illegal detention by police officials absent a felonious application of force by the officer. See Batson v. State, 113 Nev. 669, 676 n.3, 941 P.2d 478, 480 n.3 (1997), in which we observed in the margin:
In State v. Smithson, 54 Nev. 417, 428, 19 P.2d 631, 634-35 (1933) (quoting Adams v. State, 57 So. 591, 592 (Ala. 1912)), this court set forth a standard of self-defense against a police officer:
“The citizen may resist an attempt to arrest him which is simply illegal, to a limited extent, not involving any serious injury to the officer. He is not authorized to slay the officer, except in self-defense; that is when the force used against him is felonious, as distinguished from forcible.”
*1133 (Emphasis added.) ... We conclude that the language of Smithson describes the right to defend oneself or act in defense of another against police officers too broadly. Accordingly, Smithson is overruled to the extent that it justifies the use of any force in response to anything less than a police officer’s use of unlawful and excessive force. (Emphasis added.)
I therefore agree that the district court’s decision should be reversed and the case remanded for further proceedings.

 Thus, I agree with the majority that the seizure of Lisenbee’s person terminated before his abandonment of the contraband.

 NRS 171.123 states in part:
1. Any peace officer may detain any person whom the officer encounters under circumstances which reasonably indicate that the person has committed, is committing or is about to commit a crime.
3. The officer may detain the person pursuant to this section only to ascertain his identity and the suspicious circumstances surrounding his presence abroad. Any person so detained shall identify himself, but may not be compelled to answer any other inquiry of any peace officer.
4. A person must not be detained longer than is reasonably necessary to effect the purposes of this section, and in no event longer than 60 minutes. The detention must not extend beyond the place or the immediate vicinity of the place where the detention was first effected, unless the person is arrested.

 That his knife was legal to carry does not alter Lisenbee’s status as an armed individual that could present a danger to the officers.